United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41694
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODOLFO ANTONIO RODRIGUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-995-ALL
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Rodolfo Antonio Rodriguez pleaded guilty to illegal reentry
following deportation, a violation of 8 U.S.C. § 1326. Rodriguez
raises two issues that he concedes are foreclosed, but he seeks
to preserve them for further review.

Rodriguez argues that his prior conviction for possession of
a controlled substance is not an aggravated felony under U.S.S.G.
§ 2L1.2(b)(1)(C). This argument is foreclosed by our decision in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

<u>United States v. Caicedo-Cuero</u>, 312 F.3d 697, 705-11 (5th Cir. 2002), <u>cert. denied</u>, 123 S. Ct. 1948 (2003).

Rodriguez argues that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Rodriguez's argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235, 239-47 (1998). <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. See <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

AFFIRMED.